**SEALED**

BENJAMIN B. WAGNER
United States Attorney
TODD A. PICKLES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

**FILED**

FEB 1 1 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR ABSI,<br><br>Defendant. | CASE NO. 2:16-CR-0027 WBS<br><br>18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud, Wire Fraud, and Securities Fraud; 18 U.S.C. § 1341 – Mail Fraud (6 counts); 18 U.S.C. § 1343 – Wire Fraud (6 counts); 18 U.S.C. § 1348 – Securities Fraud; 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 – Fraud and False Statement in Connection with Purchase or Sale of Securities; 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(5), and 78ff; and 17 C.F.R. § 240.13b2-1 – Falsifying Books or Records of a Corporation; 15 U.S.C. §§ 78m(b)(2)(B), 78m(b)(5), and 78ff; and 17 C.F.R. § 240.13b2-2 – False Statement to Accountant of a Publicly Traded Company; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

## I N D I C T M E N T

COUNT ONE:  [18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud, Wire Fraud, and Securities Fraud]

The Grand Jury charges:

HECTOR ABSI,

defendant herein, as follows:

1. Beginning in or about March 2013, and continuing through at least July 2014, in the County of Yolo, State and Eastern District of California, and elsewhere, defendant HECTOR ABSI did

INDICTMENT                                    1

1  knowingly and intentionally conspire with at least one other employee of Marrone Bio Innovations, Incorporated ("MBI") to commit mail fraud in violation of Title 18, United States Code, Section 1341; to commit wire fraud in violation of Title 18, United States Code, Section 1343; and to commit securities fraud in violation of Title 18, United States Code, Section 1348.

## I.   PARTIES AND RELEVANT ENTITIES

At all relevant times,

2. MBI was incorporated in the State of Delaware in 2006, and was headquartered in Davis, California. MBI produced and sold "bio-based" pesticides. These products were manufactured using naturally occurring microorganisms, such as bacteria and fungi, and plant extracts. These products were marketed as an alternative to chemically-manufactured pesticides.

3. Defendant HECTOR ABSI worked for MBI from September 2012 through August 2014. ABSI was responsible for the management of MBI's global sales, marketing, and business development teams throughout the period of his employment. In January 2014, ABSI was promoted to Chief Operating Officer of MBI and maintained that position as an officer of the company until his resignation in August 2014. As part of his employment with MBI, ABSI was eligible for performance-based bonuses and was awarded stock options which vested on a set schedule.

4. MBI conducted its accounting on calendar year ending December 31, and recorded its revenue, along with other fiscal information, on a quarterly basis.

5. In public filings, MBI represented that its financial reports were prepared in accordance with generally accepted accounting principles ("GAAP"), and that it recorded revenues only after its products were delivered and title was transferred to its customers and payment from the customers was reasonably assured. These requirements had to be met before the last day of the quarter or year in order for MBI to record the revenue for that respective quarter or year.

6. MBI's sales department provided information to MBI's accounting department with respect to MBI's sales, including the amount of product sold, the price at which the product was sold, and the terms of delivery, transfer of title, and payment, among other information, in order for MBI's accounting department to prepare MBI's financial statements.

7. MBI's controller conducted quarterly meetings at which ABSI, and others, were questioned about whether there were any side agreements with any of MBI's customers, including an agreement which allowed a customer the right to return the product.

8. MBI also contracted with independent, external auditors to review, examine, and audit MBI's financial statements, including the revenue it recorded. As part of the review, examination, and audit process, members of MBI's sales department, including ABSI, were required to sign certifications attesting that they did not have knowledge of any side agreements with MBI's customers and that all terms of the sale were stated in the written agreement with, or purchase orders from, the customers.

9. Beginning in August 2013, MBI was a publicly-traded company whose shares were registered with the United States Securities and Exchange Commission ("SEC") under Section 12 of the Securities and Exchange Act of 1934, and were traded on the National Association of Securities Dealers Automatic Quotation ("NASDAQ") stock exchange system under the ticker symbol "MBII."

10. As a publicly traded company, MBI was required to comply with the SEC's rules and regulations, which were designed to protect the investing public. Under those rules and regulations, MBI was required to file reports with the SEC in which MBI provided a complete and accurate summary of its financial statements and information, including a Form 10-Q, which MBI was required to file quarterly, and a Form 10-K, which MBI was required to file annually.

11. In addition, MBI also issued press releases and conducted calls with investors and the public in which MBI reported the company's revenues and forecast the amount of revenue MBI expected to record in the future.

II. THE OBJECTS OF THE CONSPIRACY

12. The objects of the conspiracy were:

a. to devise, participate in, and execute a material scheme to defraud MBI, the investing public, and others to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, and the concealment of material facts, in violation of Title 18, United States Code, Sections 1341 and 1343; and

b. to defraud persons in connection with securities of MBI, an issuer of securities that was registered under Section 12 of the Securities and Exchange Act of 1934, and to obtain, by

1 means of materially false and fraudulent pretenses, representations and promises, money and property in
2 connection with the purchase and sale of securities issued by MBI, in violation of Title 18, United States
3 Code, Section 1348.

### III. THE MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were carried out, in substance, as follows:

13. ABSI participated in at least one earnings call in which he represented that MBI's sales revenue in 2013 would double from 2012.

14. ABSI repeatedly instructed and directed individuals in MBI's sales department of the need to complete sales within a particular period in order to meet MBI's sales forecast.

15. Beginning in at least March 2013, ABSI and others acting at his direction or instruction offered and caused to be offered to MBI's customers "inventory protection," by which MBI would agree to either re-purchase its product from its customers or allow a customer to extend the terms of its payment to MBI if the customer was still in possession of MBI's product after a specified time period. ABSI instructed others to offer inventory protection in order to induce customers to purchase MBI's products by the end of a fiscal quarter and/or the end of the fiscal year.

16. ABSI and others acting at his direction and instruction concealed from, caused to be concealed from, or otherwise omitted reporting to MBI's accounting department-controller and its external auditors that the sales of MBI's products included inventory protection.

17. ABSI and others acting at his instruction and direction also created and caused to be created documents that falsely and fraudulently stated that MBI's products were shipped and title transferred to its customers on dates prior to the actual date of delivery and transfer of title where the actual delivery and transfer of title occurred after the fiscal quarter or fiscal year. ABSI and others acting at his instruction and direction provided this false and fraudulent information and otherwise misrepresented and caused to be misrepresented to MBI's accounting department-controller the date of delivery or transfer of title.

18. Because of ABSI's concealment from MBI's accounting department-controller and from MBI's external auditors of the inventory protection agreements with customers in connection with their purchase of MBI products, and because of the false and fraudulent information ABSI provided to the

accounting department and MBI's external auditors as to the date of delivery and transfer of title, MBI's accounting department recorded millions of dollars of revenue in MBI's financial statements that should not have been recorded in accordance with GAAP or with MBI's accounting principles, and MBI filed with the SEC a Form 10-K that materially misstated MBI's actual revenues for 2013.

## IV. OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to accomplish its objects, defendant HECTOR ABSI and others known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in the State and Eastern District of California and elsewhere:

19. In or about March 2013, ABSI promised inventory protection to a customer of MBI ("Customer A").

20. In or about March 2013, MBI caused an invoice to be sent by United States mail to Customer A after Customer A purchased the products based on an offer from ABSI, or individuals acting at his direction, that MBI would provide inventory protection for the products.

21. On or about August 29, 2013, ABSI falsely and fraudulently represented to MBI's controller and others at MBI that he was not aware of any side agreements involving inventory protection.

22. On or about September 25, 2013, ABSI, through interstate email correspondence, offered inventory protection to a customer of MBI ("Customer B").

23. On or about October 9 and October 10, 2013, ABSI, through interstate email correspondence, requested Customer B to provide false information regarding the date on which Customer B received MBI's product.

24. On or about October 29, 2013, ABSI falsely and fraudulently represented to MBI's controller and others at MBI that he was not aware of any side agreements involving inventory protection.

25. On or about November 7, 2013, MBI representatives, including ABSI, reported during a public call with investors that MBI expected its 2013 annual revenue number to approximately double in comparison to 2012.

26. On or about December 20, 2013, ABSI, through interstate email correspondence, offered inventory protection to Customer B.

27. On or about December 20, 2013, a person acting at the direction and instruction of ABSI, offered, through interstate email correspondence, inventory protection to a customer of MBI ("Customer C").

28. On or about December 23, 2013, a person acting at the direction and instruction of ABSI sent to Customer C a written side agreement to provide inventory protection to Customer C.

29. On or about December 26, 2013, a person acting at the direction and instruction of ABSI confirmed inventory protection for Customer C.

30. On or about December 27, 2013, MBI caused, by a common carrier operating in interstate commerce, its products to be shipped to Customer C after Customer C purchased the products based on an offer from ABSI, or individuals acting at his direction, that MBI would provide inventory protection for the products.

31. On or about December 27, 2013, a person acting at the direction and instruction of ABSI offered, by an interstate telephone call, inventory protection to a customer of MBI ("Customer D").

32. On or about December 27, 2013, ABSI or individuals acting at his direction, caused, by a common carrier operating in interstate commerce, a shipment of MBI products to be shipped to Customer D after Customer D purchased the products based on an offer from ABSI, or individuals acting at his direction, that MBI would provide inventory protection for the products.

33. On or about December 30, 2013, an individual acting at the direction and instruction of ABSI offered inventory protection to a customer of MBI ("Customer E").

34. On or about December 31, 2013, , or individuals acting at his direction, caused, by a common carrier operating in interstate commerce, a shipment of MBI products to be shipped to Customer E after Customer E purchased the products based on an offer from an individual acting at the direction of ABSI that MBI would provide inventory protection for the products.

35. On or about December 30, 2013, after a customer of MBI ("Customer F") sent a purchase order that included a reference to "inventory protection," ABSI instructed others to contact Customer F and have Customer F send a revised purchase order that omitted any reference to inventory protection.

36. On or about December 31, 2013, ABSI, or individuals acting at his direction, caused, by a common carrier operating in interstate commerce, MBI products to be shipped to Customer F after Customer F purchased the products based on an offer from ABSI, or individuals acting at his direction, that MBI would provide inventory protection for the products.

37. In or about December 2013, ABSI instituted a plan to sell all or most of ABSI's shares of MBI stock that had vested as of December 2013.

38. On or about January 2, 2014, ABSI falsely and fraudulently misrepresented to MBI's controller that MBI did not offer inventory protection to Customer F and that the language on the purchase order sent by Customer F was erroneous.

39. On or about January 9, 2014, ABSI instructed another individual to withhold from MBI's accounting department-controller the written side agreement with Customer C that provided inventory protection after the accounting department-controller requested information about the sale of products to Customer C.

40. On or about January 20, 2014, ABSI signed a letter in connection with the audit by MBI's external auditor in which ABSI falsely and fraudulently attested and certified that he had no knowledge of any side agreements with any MBI customer or distributor which would or did involve inventory protection.

41. On or about January 29, 2014, ABSI executed an order to sell 26,500 shares of MBI stock, which was all or the majority of ABSI's stock in MBI that had vested as of December 2013.

42. On or about January 27 and/or 30, 2014, ABSI falsely and fraudulently represented to MBI's controller and others that he was not aware of any side agreements involving inventory protection.

43. On or about March 6, 2014, MBI announced in a press release and on a public call with investors that MBI had strong sales in the fourth quarter of 2013

44. On or about March 25, 2014, MBI filed a Form 10-K with the SEC reporting total revenue of $7.1 million in 2012 and $14.5 million in revenue in 2013.

45. On or about March 27, 2014, ABSI inquired about options to execute another plan to sell his additional shares of MBI that had vested.

46. On or about March 31, 2014, ABSI instructed another individual to offer inventory protection to a customer of MBI ("Customer G").

47. On or about March 31, 2014, ABSI, or individuals acting at his direction, caused, by a common carrier operating in interstate commerce, MBI products to be shipped to Customer G after Customer G purchased the products based on an offer from ABSI, or individuals acting at his direction, that MBI would provide inventory protection for the products.

48. On or about March 31, 2014, ABSI instructed and directed an individual to cause to be created a bill of lading that would falsely indicate that MBI's product was shipped to Customer G on a date prior than the actual shipment date.

49. On or about May 6, 2014, ABSI falsely and fraudulently represented to MBI's controller and others at MBI that he was not aware of any side agreements involving inventory protection.

50. On or about June 30, 2014, MBI caused an invoice to be sent by United States mail to Customer A after Customer A purchased the products based on an offer from ABSI, or individuals acting at his direction, that MBI would provide inventory protection for the products.

51. On or about July 29, 2014, ABSI falsely and fraudulently represented to MBI's controller and others at MBI that he was not aware of any side agreements involving inventory protection.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH SEVEN:  [18 U.S.C. § 1341 – Mail Fraud]

The Grand Jury further charges:

HECTOR ABSI,

defendant herein as follows:

I. PARTIES AND RELEVANT ENTITIES

1. Paragraphs 1 through 11 of Count One are incorporated by reference.

II. SCHEME TO DEFRAUD

2. Beginning in or about March 2013, and continuing through at least July 2014, in the County of Yolo, State and Eastern District of California, and elsewhere, defendant HECTOR ABSI

knowingly devised, intended to devise, participated in, and executed a material scheme to defraud MBI, investors, and others, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, omissions, and the concealment of material facts.

### III. WAYS AND MEANS

3. Paragraphs 13 through 18 of Count One are incorporated by reference.

### IV. MAILINGS

4. On or about the dates set forth below, in the State and Eastern District of California and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, defendant ABSI did knowingly cause to be placed in a post office or authorized depository for mail matter to be delivered by the Postal Service, did knowingly cause to be deposited for sending or delivery by a private and commercial interstate carrier, and did knowingly cause to be delivered by the Unites States mail or such commercial interstate carrier, according to the directions thereon, the items more specifically set forth below:

| Count | Date | Origin | Destination | Mailing |
|---|---|---|---|---|
| 2. | 3/26/2013 | Davis, CA | Woodland, CA | Invoice of sale of MBI product to Customer A |
| 3. | 6/12/2013 | Davis, CA | Woodland, CA | Invoice of sale of MBI product to Customer A |
| 4. | 12/30/2013 | Lima, OH | Woodland, CA | Shipment of MBI product to Customer A |
| 5. | 12/31/2013 | Mulberry, FL | Delano, CA | Shipment of MBI product to Customer E |
| 6. | 12/31/2013 | Mulberry, FL | Delano, CA | Shipment of MBI product to Customer F |
| 7. | 6/30/2014 | Davis, CA | Woodland, CA | Invoice of sale of MBI product to Customer A |

INDICTMENT 9

All in violation of Title 18, United States Code, Sections 2 and 1341.

COUNTS EIGHT THROUGH ~~THIRTEEN~~ TWELVE [TK mw mw]: [18 U.S.C. § 1343 – Wire Fraud]

The Grand Jury further charges:

HECTOR ABSI,

defendant herein as follows:

1. Paragraphs 1 through 11 and 13 through 18 of Count One and Paragraph 2 of Counts Two through Seven are incorporated by reference.

### THE INTERSTATE WIRE COMMUNICATIONS

2. On or about the dates set forth below, in the State and Eastern District of California, and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, defendant HECTOR ABSI did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, to wit, interstate wire transmissions further described below:

| Count | Date | Content of Wire |
|---|---|---|
| 8. | 9/25/13 | Email correspondence from ABSI in California to Customer B in Iowa re: sale of MBI products with "price protection" |
| 9. | 10/9/13 | Email correspondence from ABSI in California to Customer B in Iowa re: delivery of MBI products |
| 10. | 10/10/13 | Email correspondence from ABSI in California to Customer B in Iowa re: delivery of MBI products |
| 11. | 10/10/13 | Email correspondence to ABSI in California from Customer B in Iowa re: delivery of MBI products |
| 12. | 12/20/13 | Email correspondence from ABSI in California to Customer B in Iowa re: sale of MBI products with inventory protection |

INDICTMENT

1  All in violation of Title 18, United States Code, Sections 2 and 1343.

COUNT ~~FOURTEEN~~ THIRTEEN:  [18 U.S.C. § 1348 – Securities Fraud]

The Grand Jury further charges:

HECTOR ABSI,

defendant herein as follows:

1. Paragraphs 1 through 11 and 13 through 18 and 21 through 51 of Count One are incorporated by reference.

2. Beginning no later than August 2013, and continuing through at least July 2014, in the County of Yolo, State and Eastern District of California, and elsewhere, defendant HECTOR ABSI knowingly devised, devised, intended to devise, participated in, and executed a material scheme to defraud persons in connection with securities of MBI, an issuer of securities that was registered under Section 12 of the Securities and Exchange Act of 1934, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property in connection with the purchase and sale of securities issued by MBI, an issuer of securities that was registered under Section 12 of the Securities and Exchange Act of 1934, in violation of Title 18, United States Code, Section 1348.

COUNT ~~FIFTEEN~~ FOURTEEN:  [15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 – Fraud and False Statement in Connection with Purchase or Sale of Securities]

The Grand Jury further charges:

HECTOR ABSI,

defendant herein as follows:

1. Paragraphs 1 through 11, 13 through 18, and 21 through 51 of Count One are incorporated by reference.

//
//

INDICTMENT                                11

2. Beginning in or about August 2013 and continuing through in or about July 2014, in the County of Yolo, State and Eastern District of California, and elsewhere, defendant HECTOR ABSI did willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements, made in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated as a fraud and deceit upon any person, in connection with the purchase and sale of any security, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.

COUNT ~~SIXTEEN~~ FIFTEEN: [15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(5), and 78ff; and 17 C.F.R. § 240.13b2- Falsifying Books or Records of a Corporation]

The Grand Jury further charges:

HECTOR ABSI,

defendant herein as follows:

1. Paragraphs 1 through 11, 13 through 18, 21 through 36, 38 through 40, 42 through 44, and 46 through 51 of Count One are incorporated by reference.

2. As a publicly traded company, MBI was required to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly represented the sales and revenues of MBI.

3. Beginning in or about August 2013, and continuing through in or about June 2014, in the County of Yolo, State and Eastern District of California, and elsewhere, defendant HECTOR ABSI did willfully and knowingly, directly and indirectly, falsify and cause to be falsified books, records, and accounts of MBI, in violation of Title 15, United States Code, Sections 78m(b)(2)(A), 78m(b)(5), and 78ff; Title 17, Code of Federal Regulations, Section 240.13b2-1; and Title 18, United States Code, Section 2.

**COUNT SEVENTEEN**: [15 U.S.C. §§ 78(b)(2)(B), 78m(b)(5), and 78ff; and 17 C.F.R. § 240.13b2-2 – False Statements to Accountant of a Publicly Traded Company]

The Grand Jury further charges:

HECTOR ABSI,

defendant herein as follows:

1. Paragraphs 1 through 11, 13 through 18, 21 through 36, 38 through 40, 42 through 44, and 46 through 51 of Count One are incorporated by reference.

2. As a publicly traded company, MBI was required to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that, among other things, transactions were executed in accordance with management's general or specific authorization and transactions were recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles, or any other criteria applicable to such statements.

3. Beginning in or about January 2014, and continuing through in or about June 2014, in the County of Yolo, State and Eastern District of California, and elsewhere, defendant HECTOR ABSI, as an officer of MBI, did willfully and knowingly make and cause to be made materially false and misleading statements to MBI's auditors in connection with the audit, review, and examination of MBI's financial statements, and in connection with the preparation of documents and reports required to be filed with the SEC, and did knowingly and willfully omit to state material facts necessary in order to make statements made, in light of the circumstances in which such statements were made, not misleading, in violation of Title 15, United States Code, Sections 78m(b)(2)(B), 78m(b)(5), and 78ff; Title 17, Code of Federal Regulations, Section 240.13b2-2; and Title 18, United States Code, Section 2.

**FORFEITURE ALLEGATION**: [18 U.S.C. §981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Sixteen, defendant HECTOR ABSI shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to the following:

     a.    A sum of money equal to the total amount of proceeds traceable to such offenses, for which the defendant is convicted.

     2.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Sixteen [*Seventeen* struck through, "Sixteen" handwritten] of this Indictment, for which the defendant is convicted:

     a.    cannot be located upon the exercise of due diligence;

     b.    has been transferred or sold to, or deposited with, a third party;

     c.    has been placed beyond the jurisdiction of the court;

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ **Signature on file w/AUSA**

_____
FOREPERSON

[signature: Benjamin Wagner]
BENJAMIN B. WAGNER
United States Attorney

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

### THE UNITED STATES OF AMERICA
vs.

### HECTOR ABSI

## I N D I C T M E N T

**VIOLATION(S):**

18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud, Wire Fraud, and Securities Fraud;
18 U.S.C. § 1341 – Mail Fraud (6 counts); 18 U.S.C. § 1343 – Wire Fraud (6 counts);
18 U.S.C. § 1348 – Securities Fraud; 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 – Fraud and False Statement in Connection with Purchase or Sale of Securities; 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(5), and 78ff; and 17 C.F.R. § 240.13b2-1 – Falsifying Books or Records of a Corporation; 15 U.S.C. §§ 78m(b)(2)(B), 78m(b)(5), and 78ff; and 17 C.F.R. § 240.13b2-2 – False Statement to Accountant of a Publicly Traded Company; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

**/s/ Signature on file w/AUSA**

*Foreman.*

*Filed in open court this* __11__ *day of* __February__, A.D. 20__16__

*Clerk.*

*Bail,* **NO BAIL WARRANT PENDING HEARING**

Carolyn K. Delaney
U.S. Magistrate Judge

GPO 863 525

2:16 - CR - 0027 WBS

<u>United States v. Hector Absi</u>
**Penalties for Indictment**

**<u>Defendant</u>**
Hector Absi

### <u>COUNT 1:</u>

VIOLATION: Conspiracy to Commit Mail Fraud, to Commit Wire Fraud, and to Commit Securities Fraud –18 U.S.C. § 1349

PENALTIES: Maximum of up to 25 years imprisonment; or
Fine of up to $250,000 or twice the gross loss or gain;
or both fine and imprisonment
Supervised release of not more than 5 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### <u>COUNTS 2-7:</u>

VIOLATION: Mail Fraud – 18 U.S.C. § 1341

PENALTIES: Maximum of up to 20 years imprisonment; or
Fine of up to $250,000 or twice the gross loss or gain;
or both fine and imprisonment
Supervised release of not more than 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### <u>COUNTS 8-13:</u>

VIOLATION: Wire Fraud – 18 U.S.C. § 1343

PENALTIES: Maximum of up to 20 years imprisonment; or
Fine of up to $250,000 or twice the gross loss or gain;
or both fine and imprisonment
Supervised release of not more than 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 14:

VIOLATION:        Securities Fraud –18 U.S.C. § 1348

PENALTIES:        Maximum of up to 25 years imprisonment; or
Fine of up to $250,000 or twice the gross loss or gain;
or both fine and imprisonment
Supervised release of not more than 5 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 15:

VIOLATION:        Fraud and False Statement In Connection With Purchase Or Sale of Securities – 15 U.S.C. §§ 78j(b) & 78ff and 17 C.F.R. § 240.10b-5

PENALTIES:        Maximum of up to 20 years imprisonment or
Fine of up to $5,000,000;
Or both fine and imprisonment
Supervised release of not more than 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 16:

VIOLATION:        Falsifying Books or Records of a Corporation – 15 U.S.C. §§ 78m(b)(2)(A); 78m(b)(5) & 78ff and 17 C.F.R. § 240.13b2-1

PENALTIES:        Maximum of up to 20 years imprisonment or
Fine of up to $5,000,000;
Or both fine and imprisonment
Supervised release of not more than 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 17:

VIOLATION:        False Statement to Accountant of a Publicly Traded Company – 15 U.S.C. §§ 78m(b)(2)(B), 78m(b)(5) & 78ff and 17 C.F.R. § 240.13b2-2

PENALTIES:        Maximum of up to 20 years imprisonment or
Fine of up to $5,000,000;
Or both fine and imprisonment
Supervised release of not more than 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## FORFEITURE ALLEGATION:

VIOLATION:   Criminal Forfeiture – 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

PENALTIES:   As stated in the charging document